■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO WILDER, Appellant. [712 NYS2d 534] —Judgment, Supreme Court, Bronx County (George Covington, J.), rendered November 18, 1996, convicting defendant, after a jury trial, of robbery in the first degree and sentencing him, as a violent felony offender, to an indeterminate sentence of from 25 years to life imprisonment, unanimously affirmed.

Defendant's contention that the trial court improperly denied his request to represent himself at trial solely because of his limited eleventh-grade education and his lack of legal training is without merit. Had that been the only basis for the court's ruling, defendant might arguably be correct (*see, People v Ryan*, 82 NY2d 497, 507); however, such request was the penultimate of an innumerable series of efforts to delay or frustrate the trial of this matter, which was about to commence. Thus, "[w]hen a defendant's conduct is calculated to undermine, upset or unreasonably delay the progress of the trial he forfeits his right to self-representation" and denial of his request to proceed *pro se* was proper (*People v McIntyre*, 36 NY2d 10, 18).

After conducting a *Sandoval* hearing on Thursday, the trial court announced that jury selection would proceed the next morning. Defendant's attorney thereupon informed the court that his client had just informed him, for the first time, that he was a Muslim and that he refused to proceed to trial on a Friday. The court, after careful consideration, agreed to put the trial over until Monday. Apparently recognizing that the trial was in fact about to go forward, defendant then told his attorney to advise the court that this Court had issued a stay of proceedings. This might have been mere wishful thinking, however, since there was no such stay, this Court having denied defendant's application for such relief.

On Monday, as the jury was about to enter the courtroom, the Trial Judge asked the parties whether all plea possibilities had been exhausted. Defendant's apparently mocking response prompted the court to note that defendant was playing games and treating a serious proceeding as a "laughing matter." At that point, defendant then asserted, for the first time, that he wanted to represent himself. After the court denied that application, the defendant next sought a new attorney. Upon denial of this final request, the court noted that the defendant had not made such a request at any time during the past several weeks or during the prior week's pretrial hearings and stated: "I anticipated this and consequently thought Mr. Wil-

der would do everything that he possibly could to avoid the case going to trial." Thus, a careful review of the record confirms the trial court's conclusion that defendant's course of conduct was a reflection of his desire to merely "play games" and, under such circumstances, defendant's application to proceed *pro se* was properly denied.

Likewise, defendant's contention that the trial court improperly admitted irrelevant and prejudicial evidence about the uncharged Staten Island carjacking and a Brooklyn shooting is unpersuasive inasmuch as, during the cross-examination of Detective Powers, the trial court correctly noted that defense counsel clearly "opened the door" about those matters because the District Attorney had not brought out anything on direct examination about other criminal cases (*see, People v Herrall*, 259 AD2d 347, *lv denied* 93 NY2d 925). Additionally, defense counsel incorrectly classified the Staten Island matter as "an unrelated case" when it obviously related to the instant matter. Concur—Lerner, J. P., Andrias, Saxe, Buckley and Friedman, JJ.